# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### No. 5:26-MC-00011-RN

| | |
|---|---|
| **Trump Media & Technology Group Corp.**, <br><br> Plaintiff, <br><br> v. <br><br> **WP Company LLC**, d/b/a The Washington Post, <br><br> Defendant. | **Order** |

Plaintiff Trump Media & Technology Group Corporation ("TMTG") believes that it was defamed by the Defendant Washington Post's reporting. The parties are engaged in litigation about that issue in the United States District Court for the Middle District of Florida. Meanwhile, TMTG is also suing another newspaper, The Guardian, and others in Florida state court. One man is at the center of both lawsuits: Will Wilkerson. Wilkerson, as the alleged source of the defamatory statements, is involved in both suits, though he is not a defendant in TMTG's case against The Post. He has also been deposed by TMTG in another Florida state court case that involves an unrelated business dispute.

This litigation has now spilled into the Eastern District of North Carolina. TMTG has subpoenaed Wilkerson to sit for a deposition here regarding its case against The Post. Wilkerson, as a non-party, asks the court to quash or modify the subpoena. Originally he argued that the subpoena was untimely and sought his testimony for an improper purpose. But after negotiations and intervening orders from the Florida federal court, he now asks the court to limit the length of his deposition to three hours, split equally between the parties. For its part, TMTG asks this court

to transfer the motion to the Middle District of Florida. It says that doing so would allow for a more efficient resolution of the litigation. And it seeks four hours for its questioning. The Post seeks two additional hours to question Wilkerson.

After reviewing the record and the parties' arguments, the court denies the motion to transfer. To prevail, TMTG must show either that Wilkerson consents to the transfer or exceptional circumstances merit sending this matter back to federal court in Florida. It has not done so. The court will also deny Wilkerson's motion to quash or modify the subpoena. He has not shown that sitting for the time TMTG requests is unduly burdensome or duplicative. So the court will adopt the conditions agreed to by the parties and limit his deposition to the six hours as requested by the parties.

## I.    Background

This matter arises out of ongoing cases brought by TMTG. Two cases are pending in Florida's 12th Judicial Circuit, and the other is in the Middle District of Florida. Wilkerson has been involved in all three cases. This opinion first describes the course of litigation in both cases. It then analyzes the parties' motions.

### A.    State Court Proceedings

In July 2024, TMTG sued The Guardian, Variety Magazine, a reporter, and Wilkerson in the Circuit Court for Sarasota County Florida. Complaint, *Trump Media & Tech. Grp. Corp.,* v. *Guardian News & Media Ltd.*, 2024 CA 0003653 NC, (Fla. Cir. Ct. 12th Jud. Cir., July 12, 2024).[1] That complaint alleged that The Guardian had published two articles which falsely reported that TMTG and its CEO were under investigation for money laundering and untoward dealings with

---

[1] The Sarasota County Clerk of the Circuit Court maintains the dockets for its cases online. These are available at https://secure.sarasotaclerk.com/CaseInfo.aspx (last visited March 11, 2026).

Russia. *Id.* The article cited Wilkerson as a source. *Id.* The complaint asserted reputational torts and civil conspiracy. *Id.* TMTG seeks $250,000,000 in damages. A motion to dismiss is set for hearing on April 14, 2026. Joint Notice of Hr'g, *Guardian*, 2024 CA 0003653 NC (Fla. Cir. Ct. 12th Jud. Cir., Feb. 5, 2026).

In an unrelated action, TMTG brought a claim in Sarasota County Circuit Court that alleges a corporation named Arc Global Investments and others conspired to prevent TMTG's predecessor from merging with another company. Second Am. Compl., *Trump Media & Tech. Grp. Corp.* v. *Arc Glob. Invs., II*, No. 2024-CA-001061-NC (Fla. Cir. Ct. 12th Jud. Cir., Sept. 3, 2024). The court has issued a protective order which keeps depositions largely confidential from all but the attorneys of record. Order – Stipulated Protective, *Arc Glob. Invs.*, No. 2024-CA-001061-NC (Fla. Cir. Ct. 12th Jud. Cir., July 24, 2024). According to the parties in this case, Wilkerson recently sat for a deposition in *Arc Global*.

**B.      The Federal Case**

Prior to suing The Guardian, TMTG filed a similar claim against The Washington Post in the same state court regarding a different article that also involved Wilkerson as a source. *Trump Media & Tech. Grp.* v. *The Washington Post*, 2023 CA 004552 NC (Fla. Cir. Ct. 12th Jud. Cir., May 20, 2023). This time TMTG complained about an article from The Post that alleged it had engaged in financial misdeeds. Am. Compl, *WP Co.*, 8:23-CV-0153, 2023 WL 4463444 (M.D. Fla. Apr. 8, 2024). TMTG again alleged that Wilkerson was the article's source. *Id.*

The Post removed the case to the United States District Court for the Middle District of Florida. Notice of Removal, *WP Co.*, 8:23-CV-0153, 2023 WL 4463444 (M.D. Fla. July 10, 2023). As part of discovery, TMTG served Wilkerson with a subpoena requiring him to appear for a deposition in Cary, North Carolina on March 13, 2026. D.E. 2–1. Although the deposition date

3

originally fell after the close of discovery, the Florida federal court extended the discovery period to allow, among other things, Wilkerson's deposition to occur. Order, *WP Co.*, 8:23-CV-0153 (M.D. Fla. Mar. 2, 2026).

### C.      Proceedings in EDNC

Wilkerson seeks to quash or modify that subpoena.[2] Originally, he argued that the subpoena was improper because it sought to depose him after discovery ended. Mem. in Supp., D.E. 2. He also sought to prohibit TMTG from questioning him about The Guardian action. *Id.* TMTG contested his motion, Resp. in Opp'n, D.E. 13, and sought to transfer the motion to the Middle District of Florida, Mot. to Transfer, D.E. 14.

The court held a hearing on the matter on March 11, 2026. At the hearing, the parties told the court that they had reached an agreement on most disputed issues. The parties presented the court with a stipulated agreement dictating the time, place, and details of Wilkerson's deposition.

But one issue remained. According to Wilkerson, during his recent deposition in the *Arc Global* matter, TMTG questioned him about issues related to this case. So he argued that his deposition about this case should be restricted to just three hours, split equally between TMTG and The Post. TMTG's counsel opposed that limitation because a protective order in that case prohibits him from reviewing Wilkerson's deposition transcript. And TMTG believed it needed more time to question Wilkerson because it was unlikely he would appear at trial. The parties sought six total hours to question Wilkerson, four for TMTG and two for The Post.

## II.      Discussion

Neither party is entitled to the relief it seeks from this court. The court declines to transfer

---

[2] The court notes that it appears Wilkerson moved to quash before the Middle District of Florida's order granting an extension of time to complete discovery.

this matter to the Middle District of Florida because Wilkerson does not consent to the transfer and the issues involved in the motion to quash are routine. And since there is no evidence that a six-hour deposition would unduly burden Wilkerson or result in duplicative discovery, there is no basis to restrict his deposition to three hours. Thus the court will adopt the conditions agreed to by the parties and limit Wilkerson's deposition to the six hours requested by TMTG and The Post.

### A.    Motion to Transfer

TMTG says that this court should transfer the case because the Middle District of Florida has been supervising the litigation since 2023.[3] Mot. to Transfer. This familiarity, the argument goes, qualifies as an exceptional circumstance justifying transfer.

Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Notes make clear that "[i]n the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Here Wilkerson does not consent, so TMTG must show exceptional circumstances justifying the transfer.

When considering if exceptional circumstances are present, courts look to factors such as "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Azurity Pharm., Inc.* v. *Bionpharma Inc.*, No. 5:23-MC-19, 2023 WL 5664278, at *2 (E.D.N.C. Sept. 1, 2023). But "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related

---

[3] TMTG appeared to abandon this motion at the hearing.  But as it has not been formally withdrawn, the court will address it.

motions." *Id.* The Committee Notes also say that transfer can be appropriate to avoid disruption of the litigation. *Id.* In any event, transfer is appropriate only when these "interests outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Here, the matters involved in Wilkerson's motion are routine. The main issue, whether TMTG may take Wilkerson's deposition after discovery has concluded, has been rendered moot by the Middle District of Florida extending discovery to allow for several depositions, including Wilkerson's deposition. The remaining issue, the appropriate duration of Wilkerson's deposition testimony, is a routine discovery-management matter that does not require specialized knowledge of the case or create the risk of inconsistent decisions between this court and the Florida federal court.

For these reasons, the court concludes that TMTG has not shown exceptional circumstances justifying the transfer of this matter to the Middle District of Florida. Its motion is denied. D.E. 14.

### B.      Motion to Quash or Modify

Wilkerson argues that TMTG has deposed him previously, so it should not require more of his time. And he adds that as a college student, requiring him to attend an all-day deposition will impact his studies. TMTG's counsel notes that it lacks access to Wilkerson's *Arc Global* testimony as distribution of that testimony is restricted by a protective order. TMTG asks for Wilkerson to sit for six hours of deposition. Wilkerson wants the deposition limited to an hour and a half for each party.

The Federal Rules permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). During discovery, a party may use a subpoena to compel a non-party to attend a deposition. Fed. R. Civ. P. 30(a)(1). The court, however, may quash or modify a subpoena that "subjects a person

to undue burden." *Id.* 45(d)(3)(A)(iv). Additionally, a court must restrict discovery if it would be "unreasonably cumulative or duplicative" of other discovery. *Id.* 26(b)(2)(c)(1). The party moving to quash or modify the subpoena must show that it is entitled to the relief it seeks. *Va. Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019).

Wilkerson has not shown that he is entitled to limit his deposition to three hours. Due to the state-court protective order, the court cannot review the transcript from Wilkerson's deposition to determine what testimony he provided about this case. That order also prohibits TMTG's counsel in this case from accessing the transcript. So the court cannot determine whether allowing him to be deposed for more than three hours would be unreasonably cumulative or duplicative of the testimony he already provided.

Nor can the court conclude that a six-hour deposition would unduly burden Wilkerson. The parties' request is presumptively reasonable since they seek to depose him for less time than allowed by the Federal Rules. *See* Fed. R. Civ. P. 30(d)(1) (limiting depositions to seven hours on one day). Although a deposition imposes some burden, Wilkerson has not shown that a six-hour deposition would impose an undue one. So his request to limit his deposition to three hours is denied.

This does not leave Wilkerson without recourse during the deposition. The Federal Rules allow a deponent to "move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). If the deponent demands it, the deposition will be suspended until the motion is resolved. *Id.* Similarly, a deponent may seek a protective order to limit the scope or duration of the deposition. *Id.* 26(c)(1) (noting that "any person from whom discovery is sought" may seek a protective order). These motions can be brought either in this

court, as the court with jurisdiction over where the deposition is occurring, or in the Middle District of Florida, as the court where the action is pending. *Id.* 26(c)(1) & 30(d)(3)(A).

The court, of course, expects that counsel will conduct themselves during the deposition in the professional and collegial manner expected from officers of the court. But should that expectation not be met, this court is available to address any issues that arise.

## III. Conclusion

The court denies TMTG's motion to transfer (D.E. 14) because it has not shown that Wilkerson consents to the motion or that exceptional circumstances justify a transfer. The court also denies Wilkerson's motion to quash or modify the subpoena (D.E. 1). Wilkerson has not shown that the deposition would impose an undue burden or result in unreasonably cumulative discovery.

But based on the parties' agreement and for the reasons discussed above, the court orders:

1.  Wilkerson will sit for deposition at 9:30 AM EST on March 13, 2026, at the offices of Mincey Bell, located at 5535 Currituck Ave., Suite 210, Wilmington, NC 28403. The parties may attend in person or remotely.

2.  TMTG will have 4 hours of on-the-record time to question Wilkerson. The Washington Post will have 2 hours of on-the-record time to question Wilkerson.

3.  The scope of Wilkerson's deposition will include only matters relevant to the claims and defenses in this action and shall be limited to the topics set forth in this Order. The parties may only question Wilkerson regarding his personal knowledge of:

a.  The finder's fee at issue in the instant litigation, and any funds that TMTG received through or in connection with Anton Postolnikov or any entity affiliated with Anton Postolnikov, including but not limited to ES Family Trust;

b.  Wilkerson's communications with *The Washington Post* and/or Drew Harwell concerning the May 13, 2023 Article;

c.  Any information and/or documents Wilkerson provided *The Washington Post* and/or Drew Harwell concerning the May 13, 2023 Article;

d.  Wilkerson's knowledge of the truth or falsity of the statements that are the subject of this action;

e.  The basis for any statements Wilkerson made to *The Washington Post* and/or Drew Harwell concerning the May 13, 2023 Article; and

f.  The claims and defenses in this action.

4.  Any questions related to Wilkerson's litigation alongside *The Guardian* in Sarasota County, Florida Case No. 2024 CA 3653 NC or any other TMTG related matter falling outside of the topics identified above are prohibited and shall not be answered by Wilkerson.

5.  If both parties and Wilkerson agree in writing to do so, they may modify any of the foregoing conditions.

6.  Unless otherwise ordered by a court, the parties and Wilkerson will bear their own costs in connection with this motion.

Dated: March 12, 2026

_Robert T Numbers II_
_____
Robert T. Numbers, II
United States Magistrate Judge

9